a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESMOND DEONDRE SCARBOROUGH #512711,<br>Petitioner | CIVIL DOCKET NO. 1:23-CV-01691<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JULIE SASSER ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Desmond Deondre Scarborough ("Scarborough"). Scarborough is detained at Rapides Parish Detention Center I in Alexandria, Louisiana. He seeks release from custody from his allegedly unconstitutional detention.

Because Scarborough has not satisfied the exhaustion requirement, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Scarborough alleges that his detention is illegal because there has been no bill of information or indictment filed against him. ECF No. 1 at 2. He filed a motion for release, which was denied. Scarborough did not seek review in the appellate court. *Id.* at 6.

II. <u>Law and Analysis</u>

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee proceed in federal court under § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Accordingly, Scarborough must file a state habeas petition in the Ninth Judicial District Court. If denied, he must seek discretionary review in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court prior to seeking relief in federal court. *See Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir. 1987);

2

*Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007).

### III. Conclusion

Because Scarborough has not exhausted his claim in state court, IT IS RECOMMENDED that his Petition be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 23, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE